This was a special proceedings to sell land for partition. Answer was filed for the defendants other than Sarah J. Warren, trustee, by P. D. Herring, a reputable attorney. Answer was filed by Sarah J. Warren, *Page 405 
trustee, through E. C. Robinson, who is likewise a reputable attorney. In the answers filed it was prayed that the land be sold rather than divided. Pursuant to orders made the land was sold and the sale was confirmed by the clerk, 8 February, 1938.
The defendant administrator and the defendant Sarah J. Warren, trustee, in their answers asserted a claim against the estate of Mary Frances Warren, who died seized and possessed of the land described in the petition, in the sum of $1,531.30. The defendant administrator in his answer prayed the court that a sufficient sum be set apart out of the sale price of said land to pay said claim. The clerk, by order dated 8 October, 1937, adjudged that the orders of the court which were the basis of said claim were void and that the alleged indebtedness was barred both by the three-year and the ten-year statutes of limitations.
The basis of the claim was as follows: H. F. Warren was the general guardian of Mary Frances Warren, a mental incompetent. On 12 April, 1924, he procured an order permitting him to sell to his ward a house to be moved on her land at the price of $750.00, and for an expenditure of $250.00, cost of moving the house. He also expended $571.30 for food, clothing, taxes, etc., in behalf of his ward. Upon the death of H. F. Warren, his administrator, in the settlement of the estate, procured an order permitting him to transfer the claim of the estate of H. F. Warren against Mary Frances Warren to Sarah J. Warren as trustee for the heirs at law of H. F. Warren, so that he might close the estate without pressing the collection of this debt. Sarah J. Warren, trustee, asserted the claim as a judgment against the estate of Mary F. Warren.
On 4 February, 1938, the defendants, heirs at law of H. F. Warren, and including Sarah J. Warren, had served on the plaintiffs and other parties to the action notice of a motion to set aside the judgment of 8 October, 1937. In the motion it is alleged that while defendants were served with summons they were not served with any petition for partition and no supplemental petition; that they had no notice of same; that they had no notice of the alleged hearing 8 October, 1937; that Sarah J. Warren was mentally incapable of employing counsel and answering the petitions herein; and that the answers filed asserting the claim of $1,571.30 were not the pleadings of the movants and they had no notice thereof and no opportunity to present their cause in court.
The clerk, upon hearing, dismissed the motion. On appeal the court below, after hearing, found the facts very fully and adversely to the movants. He found among other things that Sarah J. Warren, trustee and general guardian, had sufficient mental capacity to answer and to defend the action. He further found "that the defendant movants have failed to allege in their notice or motion filed herein on 5 February, 1938, and have failed to show by affidavits or evidence in support *Page 406 
thereof, any facts constituting a meritorious defense or reason for vacating or setting aside said judgment, and have failed to show that upon rehearing the court could render any judgment different from that now objected to." After finding the facts, judgment was entered dismissing the motion and taxing the movants with the costs incident to the notice, motion and hearing. The movants excepted and appealed.
There was no exception to the finding of fact by the court below that the defendants had no meritorious defense and had shown no meritorious reason for vacating or setting aside said judgment. This finding, unexcepted to, is supported by ample evidence and fully sustains the judgment entered.
Likewise, we concur in the opinion of the court below that the debt the movants are attempting to assert is barred by the three-year statute of limitations. Neither the orders authorizing the expenditures by the guardian nor the order permitting the administrator to transfer the claim to a trustee gave the debt the quality of a judgment. Even so, the incompetent had a guardian and the claim could have been prosecuted against the guardian at any time from its creation in 1924 until the time of the death of the incompetent, except for the short period intervening between the death of H. F. Warren, guardian, and the appointment of the successor guardian.
The judgment below is
Affirmed.